The Battery Place Commercial Corporation, Respondent, v. Marina Quezada de Willis, Appellant, Impleaded with Mechanics and Metals National Bank of the City of New York and Browne Willis, Defendants.

First Department, May 31, 1918.

Principal and agent — suit by agent to impress equitable lien upon proceeds of sale — temporary injunction restraining disposal of fund denied.

A plaintiff seeking to impress an equitable lien upon a fund resulting from ⊢ sale of property which he negotiated as a broker is not entitled to a temporary injunction restraining the defendant from disposing of the fund until the determination of the suit where the complaint contains no allegations which establish a right to an equitable lien.

A promise to pay out of a designated fund does not create such equitable lien.

Appeal by the defendant, Marina Quezada de Willis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 17th day of January, 1918, continuing a temporary injunction.

*Charles F. Bostwick* of counsel [*K. P. Christopher* with him on the brief], for the appellant.

*Clarence Blair Mitchell* of counsel [*Nelson Shipman* with him on the brief; *Choate, Larocque & Mitchell*, attorneys], for the respondent.

Smith, J.:

In the complaint it is alleged that the appellant's husband, Browne Willis, was the owner of a ship called the *Marina Quezada;* that a contract was entered into between the plaintiff and the said Browne Willis that the plaintiff should endeavor to sell the said boat for not less than $550,000, and if it procured a purchaser for that sum the plaintiff should be paid from the proceeds of the boat three and one-half per cent thereof, and if the boat were sold to any other party for a like sum, the plaintiff should be entitled to the said percentage from the proceeds of sale; that the plaintiff did

find a purchaser for the sum named but the boat was sold to another party for a sum in excess of $550,000. The complaint further alleges that the moneys received from the sale of the boat came into the hands of the defendant Marina Quezada de Willis, who now holds the same, and the complaint asks that an equitable lien be established as against such fund and has obtained a temporary injunction against the disposal of that fund until the determination of the action. From the order continuing that temporary injunction this appeal has been taken. Upon the question of fact I am of the opinion that the injunction should not be set aside upon the ground that the moneys in the Mechanics and Metals Bank, from the disposal of which the defendant has been enjoined, do not represent the proceeds of the sale of this boat. The affidavits presented by the defendant are not frank and ingenious. The denials rather contain mostly negatives pregnant and the affidavits are evasive. At least, the defendant's claim that these moneys do not represent the proceeds of the sale of the boat is not sufficiently clear as to justify the court in setting aside the injunction and depriving the plaintiff of his temporary remedy, which may well be necessary to secure any ultimate relief to which he might be entitled. In order to recover in this action, however, the plaintiff must show that he has an equitable lien upon these funds. It seems to be the settled law of this State that a promise to pay out of a designated fund does not give such an equitable lien. Abundant authority might be cited to this proposition but the general proposition is not questioned by the respondent. The respondent's contention is that the plaintiff's only opportunity to collect these moneys is through the impression of an equitable lien upon this fund, and that under those circumstances equity will declare such a lien for the purpose of preventing injustice. To this proposition a number of cases are cited, among them *Muller* v. *Kling* (209 N. Y. 239, 244), decided in 1913 by the Court of Appeals, and also *Schoenherr* v. *Van Meter* (215 id. 548), decided by the Court of Appeals in 1915. It is not necessary here to decide whether facts can be proven to bring this case within the principle of the cases cited, because in the plaintiff's complaint there are no appropriate allegations.

The order must be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, PAGE, SHEARN and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.